IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. Cr 01-324-KI |
| | (Referencing Civil Case No. 05-401-KI) |
| vs. | |
| | OPINION AND ORDER |
| DANIEL CASENOVA MATA, | |
| Defendant. | |

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Gregory R. Nyhus
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204-2902

        Attorneys for Plaintiff

Daniel Casenova Mata
#65546-065
Eloy Detention Center
Alpha Building, 1705 East Hanna Road
Eloy, AZ 855231

    Pro Se Defendant

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, for the review and reconsideration of sentence (#200) filed by defendant Daniel Mata. For the reasons set forth below, I deny the motion.

### PROCEDURAL BACKGROUND

On August 21, 2002, after accepting a plea agreement, defendant pled guilty to conspiracy to possess with intent to distribute and to distribute methamphetamine, and possession with intent to distribute a mixture containing a detectable amount of methamphetamine. In accordance with the plea agreement, the court imposed a sentence totaling 54 months imprisonment. The judgment was entered on July 10, 2003. Defendant did not file a notice of appeal.[1]

In the current motion before the court, defendant claims that the court enhanced his sentence without the assistance of a jury, improperly failed to grant downward departures on the basis of acceptance of responsibility, over-representation of criminal history, and post-conviction rehabilitation, and that incarceration in the county jail while awaiting sentencing constituted cruel and unusual punishment.

---

[1] As part of his plea agreement with the government, defendant waived his right to appeal both his conviction and sentence. He also waived his right to seek post conviction relief.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion since the defendant fails to state a claim for relief.

The government points out that defendant waived his right to petition the court pursuant to 28 U.S.C. § 2255. In addition, plaintiff's motion is untimely.

The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate

Page 3 - OPINION AND ORDER

public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68.

The defendant's agreement to enter his plea of guilty contained the following paragraph:

> 14. <u>Waiver of Appeal/Post Conviction Relief</u>. The defendant knowingly and voluntarily waives his right to file an appeal in this case. Defendant further knowingly and voluntarily waives his right to petition for post conviction relief, except concerning ineffective assistance of counsel or retroactive application of the sentencing guidelines.

The defendant presents no facts from which I can find that his waiver was uninformed or otherwise defective. He does not take issue with his counsel's assistance. The defendant clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined in the plea agreement. The court has no jurisdiction to consider what amounts to an appeal of defendant's sentence given that defendant waived such right of appeal.

However, even if there were an issue with defendant's waiver of his right to seek collateral review, defendant's petition was filed on March 21, 2005, a date beyond one year from the date of judgment, and no exceptions to application of the statute of limitations apply.

28 U.S.C. § 2255 contains a one-year statute of limitations which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and has been made retroactively applicable to cases

on collateral review;"[2] or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence.

The judgment of conviction was entered on July 10, 2003. Defendant did not file an appeal. The judgment of conviction became final on that date, meaning that defendant was required to file this motion by July 10, 2004. Because he failed to file within the time limits, and because none of the exceptions apply, defendant's motion to vacate, set aside or correct sentence is untimely.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence (#200) filed by defendant Daniel Mata is DENIED.

IT IS SO ORDERED.

Dated this ___3rd___ day of October, 2005.

                         ___/s/ Garr M. King___
                         Garr M. King
                         United States District Judge

---

[2] Blakely v. Washington, 542 U.S. 296 (2004) does not apply retroactively to convictions that became final prior to its issuance. Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005).